IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DEBRA A. PORTZ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **8:07CV478** |
| | ) | |
| vs. | ) | **REPORT** |
| | ) | **AND** |
| **HARTFORD LIFE AND ACCIDENT** | ) | **RECOMMENDATION** |
| **INSURANCE COMPANY and** | ) | |
| **TNS INTERSEARCH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

This matter comes before the court on the plaintiff's Motion to Remand (Filing No. 9). The plaintiff filed a brief (Filing No. 11) and an index of evidence (Filing No. 10) in support of the motion to remand. Hartford Life and Accident Insurance Company (Hartford) filed a brief (Filing No. 12) in response to the motion to remand. In reply, the plaintiff filed a brief (Filing No. 20). TNS Intersearch (TNS) did not participate in the briefing on the motion to remand. However, TNS filed a Motion to Dismiss with Prejudice (Filing No. 21). TNS filed a brief (Filing No. 22) in support of the motion to dismiss. The plaintiff filed a brief (Filing No. 23) in opposition to the motion to dismiss. Hartford did not participate in the briefing of the motion to dismiss.

For the reasons set forth below, the undersigned magistrate judge recommends the plaintiff's motion to remand be denied[1] and TNS's motion to dismiss be granted.

---

[1] The court is entering a report and recommendation in this matter in light of the split in court decisions over whether a magistrate judge has authority to rule on a motion to remand. **Compare** *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) (finding "remand motions are dispositive and, as such, can only be entered by district courts") and *Johnson v. Tyson Fresh Meats, Inc.*, No. C-06-1002, 2006 WL 1004970 at *1 (N.D. Iowa Apr. 17, 2006), **with** *White v. State Farm Mut. Auto. Ins. Co.*, 153 F.R.D. 639 (D. Neb. 1993) (concluding remand of a case to the state court was not an Article III function and could be ordered by a magistrate judge). In *Vogel*, the court concluded:

> [W]e apply a functional equivalency test to see if a particular motion has the same practical effect as a recognized dispositive motion. Applying that test, . . . we too find that a remand order is the functional equivalent of an order to dismiss. The practical effect of remand orders and orders to dismiss can be the same; in both, cases are permitted to proceed in state rather than federal court.

*Vogel*, 258 F.3d at 517. **Accord** *First Union Mortgage Corp. v. Smith*, 229 F.3d 992 (10th Cir. 2000); ***In***
(continued...)

**BACKGROUND**

On November 14, 2007, the plaintiff filed this lawsuit against Hartford and TNS in the District Court for Lancaster County, Nebraska to recover, enforce and clarify benefits and rights due the plaintiff under a long-term disability plan (the Plan) governed by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* (ERISA).  **See** Filing No. 1, Ex. A - Complaint.  The plaintiff alleges TNS is her former employer, the plan administrator, and the policy holder of a long-term disability group insurance policy.  *Id.* ¶¶ 8-11.  The plaintiff also alleges Hartford is the insurer of the long-term disability group insurance policy and the claims fiduciary of the Plan.  *Id.* ¶¶ 13-14.  As the Plan claims fiduciary, Hartford claims to have fully authority to determine employee eligibility for benefits under the Plan.  *Id.* ¶ 14.

"In about November 2003, the Plaintiff was diagnosed with, among other things, scleroderma."  *Id.* ¶ 15.  The plaintiff alleges her medical conditions caused her to suffer shortness of breath, joint pain and stiffness, acute fatigue, difficulty sleeping and high levels of anxiety.  *Id.*  In July 2004, the plaintiff applied for long term disability through Hartford.  *Id.* ¶ 17.  On October 6, 2004, Hartford approved the plaintiff's claim.  *Id.* ¶ 18.  After filing an application for Social Security disability benefits, the Social Security Administration (SSA) determined the plaintiff was disabled.  *Id.* ¶¶ 19-20.  Further the SSA determined the plaintiff and her minor son were both eligible for benefits.  *Id.* ¶ 20.  From October 2004 until December 2006, Hartford paid disability income benefits to the plaintiff and waived payment of insurance premiums by the plaintiff, pursuant to the terms of the Plan.  *Id.* ¶ 21.  Hartford deducted from the disability income benefit payments any amounts received by the plaintiff from the SSA.  *Id.*  The plaintiff alleges Hartford also improperly deducted the amounts received by the plaintiff's son.  *Id.*

---

[1] (...continued)
*re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998); **see also** *Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-42 (E.D.N.Y. 2005) (noting that "[m]ost district courts to have considered this issue have found remand to be within a magistrate judge's authority under 28 U.S.C. 636(b)(1)(A). On the other hand, every appellate court that has weighed the issue has determined a remand to be the functional equivalent of a dispositive order, and therefore beyond a magistrate judge's authority.") (collecting cases). The undersigned magistrate judge finds a report and recommendation is the most appropriate course of action in this matter.

The plaintiff alleges that in the fall of 2006, Hartford requested certain job information about the plaintiff from TNS, but TNS failed to provide the requested information. *Id.* ¶ 22. On January 4, 2007, Hartford terminated the plaintiff's long term disability income benefits. *Id.* ¶ 23. Hartford stated the basis for the termination was because the plaintiff was not prevented from performing other occupations. *Id.* ¶ 23. The plaintiff appealed Hartford's decision under the Plan. *Id.* ¶ 24. On August 6, 2007, Hartford's internal Appeal Unit upheld the decision to deny further benefits. *Id.* ¶ 25. However, the plaintiff alleges she is disabled under the terms of the Plan and eligible for benefits. *Id.* ¶ 28.

Based on these facts, the plaintiff argues the defendants are liable to her under the Plan. The plaintiff seeks to recover benefits due under the Plan, to enforce her rights under the Plan, and to clarify her rights for future benefits under 29 U.S.C. § 1132(a)(1)(B). *Id.* at p. 7. The plaintiff alleges the defendants engaged in wrongful, arbitrary and capricious conduct, and committed an abuse of discretion when they (1) failed to cooperate with one another; (2) denied her claim for continuing disability income benefits; and (3) terminated payment of her benefits. *Id.* ¶¶ 29, 42-43. Additionally, the plaintiff specifies the erroneous decisions made in terminating her benefits. *Id.* ¶¶ 30-41. The plaintiff also seeks to recover costs and expenses incurred by the plaintiff due to the defendants' "failure to share information with each other regarding the Plaintiff's disability." *Id.* at p. 7.

On November 14, 2007, the plaintiff filed her complaint in state court. *Id.* On December 4, 2007, Hartford received summons and a copy of the complaint. **See** Filing No. 1 - Notice of Removal ¶ 4; Filing No. 10 at p. 26 - Return of Service. TNS was served by two separate summonses on December 6, 2007, and December 7, 2007. **See** Filing No. 10 at p. 20, 24 - Return of Service. However, the plaintiff did not file TNS's return of service until December 11, 2007, and December 13, 2007, respectively. *Id.* at p. 19. 23.

On December 12, 2007, Hartford filed its notice of removal to the United States District Court for the District of Nebraska. **See** Filing No. 1. Such notice was also filed in the state court on December 14, 2007. **See** Filing No. 10 at p. 1. Hartford's notice of removal did not note the consent of TNS for removal, nor did it even mention TNS, except in the caption. **See** Filing No. 1. In response, on January 10, 2008, the plaintiff filed her motion to remand this case back to Lancaster County. **See** Filing No. 9. On January 17,

2008, TNS filed a motion for enlargement of time to respond to the plaintiff's complaint. **See** Filing No. 13.  TNS also filed a corporate disclosure form and consent for removal on the same date.  **See** Filing Nos. 14, 16.  TNS stated TNS Intersearch no longer exists because it merged into TNS Custom Research, Inc.  **See** Filing Nos. 13, 14.  The court granted the motion for extension of time and on February 14, 2008, TNS filed a motion to dismiss.  **See** Filing Nos. 17, 21.

The plaintiff's motion to remand and TNS's motion to dismiss are integrally related. The outcome of both rests on the determination of whether TNS is a proper party defendant in this case.  The plaintiff seeks remand based on Hartford's failure to join TNS in the removal petition.  Hartford denies joinder was necessary, arguing TNS is a nominal defendant. Similarly, TNS seeks dismissal of the claims against it, contending only Hartford is a proper defendant in this case.  The plaintiff argues, the facts construed in favor of the plaintiff, demonstrate TNS was the Plan Administrator, and thus is a proper party.  Further, the plaintiff argues, if TNS is a proper party, the matter must be remanded.

## ANALYSIS

### A. Notice of Removal

Removal is governed by 28 U.S.C. § 1446, which "permits a notice of removal to be filed within 30 days after receipt of the pleading and has been interpreted to require that all defendants must consent to the removal." **Pritchett v. Cottrell, Inc.**, 512 F.3d 1057, 1062 (8th Cir. 2008).  Consent must be written and timely filed, with regard to each formally served defendant.  **Id.**  The "failure of one defendant to consent renders the removal defective" and requires remand.  **Id.**; **see Horton v. Conklin**, 431 F.3d 602, 604 (8th Cir. 2005).  Moreover, "all doubts arising from defective, ambiguous and inartful pleadings [in a removed case] should be resolved in favor of the retention of state court jurisdiction." **Wilkinson v. Shackelford**, 478 F.3d 957, 964 (8th Cir. 2007) (alteration in original) (**quoting Greenshields v. Warren Petroleum Corp.**, 248 F.2d 61, 65 (10th Cir. 1957)).

"[R]emoval statutes are to be strictly construed."  **Bradley v. Maryland Cas. Co.**, 382 F.2d 415, 419 (8th Cir. 1967).  Despite such strict construction there are exceptions to the general rule.  **Bellone v. Roxbury Homes, Inc.**, 748 F. Supp. 434, 436 (W.D. Va.

1990). "One recognized exception to this so-called unanimity rule is that nominal or formal parties are not required to join in the notice of removal." **Allen v. Monsanto Co.**, 396 F. Supp. 2d 728, 732 (S.D. W.Va. 2005); **Thorn v. Amalgamated Transit Union**, 305 F.3d 826, 833 (8th Cir. 2002). This nominal party defendant exception is limited "to situations in which it is clear that the defendant is not a necessary or an indispensable party as a matter of law, the party has nothing at stake in the litigation, and no real, present claim for relief is being sought against the party." **See Fisher v. Dakota Cmty. Bank**, 405 F. Supp. 2d 1089, 1095 (D. N.D. 2005); **see also Dumas v. Patel**, 317 F. Supp. 2d 1111, 1113 n.5 (W.D. Mo. 2004) ("A nominal party has been defined as '[a] party who, having some interest in the subject matter of a lawsuit, will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defects.'") (**quoting** Black's Law Dictionary 1145 (7th ed. 1999)).

Accordingly, the notice of removal is not defective, for failure to include the consent of TNS, if TNS is a nominal party. Hartford argues there are no cognizable claims against TNS in the complaint, rendering TNS a nominal party. Similarly, in the motion to dismiss TNS argues the plaintiff improperly named TNS as a party for the same reason.

**B.     Motion to Dismiss**

In reviewing a complaint on a Rule 12(b)(6) motion, the court must consider all of the facts alleged in the complaint as true, and construe the pleadings in a light most favorable to the plaintiff. **Hastings v. Wilson**, 516 F.3d 1055, 1058 (8th Cir. 2008). "A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of a claim entitling him to relief." **Young v. St. Charles**, 244 F.3d 623, 627 (8th Cir. 2001). When accepting the facts of the complaint as true, a court will not, however, "blindly accept the legal conclusions drawn by the pleader from the facts." **Westcott v. Omaha**, 901 F.2d 1486, 1488 (8th Cir. 1990) (**citing Morgan v. Church's Fried Chicken**, 829 F.2d 10, 12 (6th Cir. 1987)). The Supreme Court held "dismissals prior to giving the plaintiff ample opportunity for discovery should be granted very sparingly." **Hosp. Bldg. Co. v. Trustees of Rex Hosp.**, 425 U.S. 738, 746 (1976). A dismissal under Rule 12(b)(6)

5

is therefore granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief," **Schmedding v. Tnemec Co.**, 187 F.3d 862, 864 (8th Cir. 1999), such as a missing allegation about an element necessary to obtain relief or an affirmative defense or other bar, **Doe v. Hartz**, 134 F.3d 1339, 1342 (8th Cir. 1998). The court does not determine whether a plaintiff will ultimately prevail, but rather whether a plaintiff is entitled to present evidence in support of the claim. **Doe v. Norwest Bank**, 909 F. Supp. 668, 670 (D. Minn. 1995).

In the motion to dismiss, TNS argues the plaintiff fails to allege TNS had any authority to determine the plaintiff's eligibility for benefits. Rather, the plaintiff alleges only that Hartford had such authority. Accordingly, TNS contends the plaintiff fails to state a claim against TNS because TNS was not the Claims Administrator and had no decision-making authority with regard to the plaintiff's benefits. The plaintiff argues TNS is a proper party because it was the Plan Administrator - controlling the administration of the Plan. Further, the plaintiff argues the court may only look at the allegations in the complaint to determine the merits of TNS's motion. Accordingly, the plaintiff states the cases relied upon by TNS are inapposite because such cases relied on other evidence, including the Plan document.

As an initial matter, although none of the parties filed a copy of the Plan into evidence. The parties rely on the Plan's language. Further, there is no dispute as to its authenticity, the document was referenced in the complaint, and the document is central to the plaintiff's claims. Accordingly, reliance on the Plan does not convert TNS's motion to dismiss into a motion for summary judgment. **See Whitesell v. Town of Morrisville**, 446 F. Supp. 2d 419, 421-22 (E.D.N.C. 2006); **see also Clark v. BASF Corp.**, 142 Fed. Appx. 659, 660-61 (4th Cir. 2005) (per curiam) (unpublished) (**citing** 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1327 (3d ed. 2004) ("[W]hen the plaintiff fails to introduce a pertinent document as part of her pleading, a significant number of cases from throughout the federal court system make it clear that the defendant may introduce the document as an exhibit to a motion attacking the sufficiency of the

pleading; that certainly will be true if the plaintiff has referred to the item in the complaint and it is central to the affirmative case.")).

### C.     TNS Party Status

Hartford argues TNS is not alleged to have taken any action in this matter and has no ownership or interest in the plaintiff's claim.  **See** Filing No. 12 - Brief p. 3.  Hartford acknowledges any claim for benefits must be brought against Harftford, who was responsible for the processing and payment of the plaintiff's disability benefits.  Hartford explains TNS took no part in the processing, decision making or paying of the plaintiff's benefits.  Similarly, TNS contends it was not the claims administrator.  Further, as plan administrator TNS did not exercise its authority to "terminate, suspend, withdraw, reduce, amend or modify the Plan."  There are no allegations TNS had any authority to determine the plaintiff's eligibility for benefits.

In contrast, the plaintiff states the complaint does make allegations against TNS and seeks redress from TNS.  The complaint states the Plan identifies TNS as the "Plan Administrator."  **See** Filing No. 1, Ex. 1 - Complaint ¶11.  The complaint also alleges that "[o]n or about September 5, 2006, and again on or about September 20, and again on or about October 10, 2006, Hartford requested from TNS certain job description information concerning the Plaintiff. . . . TNS failed to provide the requested information to Hartford."  *Id.* ¶ 22.  The plaintiff claims "[t]he Defendants acted wrongfully, arbitrarily and capriciously, and in an abuse of discretion by failing to cooperate and timely share information with one another regarding the Plaintiff's claim for long-term disability benefits."  *Id.* ¶ 29.  Additionally, the plaintiff prays "[t]o recover costs and expenses incurred by the Plaintiff on account of the Defendants' failure to share information with each other regarding the Plaintiff's disability."  *Id.* at p. 7.  Further, the plaintiff points out that in its answer, Hartford admits "TNS did not provide the requested information."  **See** Filing No. 19 - Answer ¶ 22.  Based on these references to the pleadings, the plaintiff argues TNS is an important party to the case who has an interest in the outcome of the litigation, rather than a mere nominal party.  Likewise, the plaintiff contends such allegations and case law makes TNS, her employer, a proper party in this case.

The plaintiff to an ERISA action may name as a defendant a "party that controls administration of the [ERISA] plan." **Hall v. LHACO, Inc.**, 140 F.3d 1190, 1194 (8th Cir. 1998); **see Layes v. Mead Corp.**, 132 F.3d 1246, 1249 (8th Cir. 1998) (finding employer was not a proper party defendant). "Unless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits." **Daniel v. Eaton Corp.**, 839 F.2d 263, 266 (6th Cir. 1988) (**quoted by Layes**, 132 F.3d at 1249); **see Slayhi v. High-Tech Inst., Inc.**, No. 06-CV-2210, 2007 WL 4284859, at *6-7 (D. Minn. Dec. 03, 2007) (slip copy) (noting whether the employer is a proper defendant for claims pursuant to § 1132(a)(1)(B) "is a surprisingly complex question."). Further, conducting certain administrative tasks, may not be sufficient to rend an employer susceptible to suit in actions for benefits under ERISA. **Sawyer v. Potash Corp. of Saskatchewan**, 417 F. Supp. 2d 730, 737 (E.D.N.C. 2006). Instead the court should consider whether the employer influenced the handling of the benefits claim. **Id.** Where the ERISA plan document grants the insurer full and sole responsibility to determine benefits eligibility, the employer is not a proper party defendant. **Id.**; **Williams v. UNUM Life Ins. Co. of Am.**, 250 F. Supp. 2d 641, 645 (E.D. Va. 2003) (employer not a proper defendant even where plan document listed employer as plan administrator, but all benefits determinations made by insurer).

There is no evidence in this case, or allegation in the complaint, that TNS had any influence on Hartford's decision to deny the plaintiff's benefits. The allegations of the Plan language does not alter the alleged division of authority between TNS and Hartford. Further, Hartford takes full responsibility for the decision making process and final benefits decision. As a result, TNS is only a nominal party defendant and is not proper party defendant.

The plaintiff attempts to tie TNS to the instant claim for benefits by virtue of a failure to cooperate with Hartford. However, although TNS did not provide the information sought by Hartford, Hartford states "this information was provided by Plaintiff." **See** Filing No. 19 - Answer ¶ 22. Further, the plaintiff fails to allege any facts to support a theory that TNS's lack of cooperation influenced or attempted to influence Hartford's decision with regard to the plaintiff's benefits. The plaintiff provides no allegations, facts or legal support indicating

that the failure to cooperate, under the circumstances here, would subject TNS to independent liability. Finally, assuming the facts alleged by the plaintiff are true, but without blindly accepting the plaintiff's legal conclusions, it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of a claim entitling her to relief against TNS. Upon consideration,

**IT IS RECOMMENDED TO JUDGE JOSEPH F. BATAILLON that:**

1. Debra A. Portz's Motion to Remand (Filing No. 9) be denied.

2. TNS Intersearch's Motion to Dismiss with Prejudice (Filing No. 21) be granted.

### ADMONITION

Pursuant to NECivR 72.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 8th day of May, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge