IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEBRA A. PORTZ, ) | |
| ) | |
| Plaintiff, ) | 8:07CV478 |
| ) | |
| v. ) | |
| ) | |
| HARTFORD LIFE AND ACCIDENT ) | MEMORANDUM AND ORDER |
| INSURANCE COMPANY, and TNS ) | |
| INTERSEARCH, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the objection, Filing No. 25, of the plaintiff, Debra A. Portz ("Portz"), to the report and recommendation of the magistrate judge, Filing No. 24. Defendant TNS Intersearch ("TNS") moved to dismiss, Filing No. 21, pursuant to Fed. R. Civ. P. 12(b)(6) alleging it is not a proper party to this action. Plaintiff moved to remand to state court, Filing No. 9, alleging this case is not properly before the court, as TNS is a party and did not participate in the removal to federal court. Plaintiff filed this case alleging violations of Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*., against the defendants. The magistrate judge determined that TNS is a nominal party and should be dismissed, and further concluded that the motion to remand should be denied. The court has carefully reviewed the record de novo and determines that the magistrate judge should be affirmed. 28 U.S.C. § 636.

**LEGAL STANDARDS**

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic*

*Corp. v. Twombly,* 550 U.S. —, —, 127 S. Ct. 1955, 1964, n. 3(2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* — U.S. —, —, 127 S. Ct. 2197, 2200 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. at —, 127 S. Ct. at 1964). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic,* 550 U.S. at —, 127 S. Ct. at 1965.

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Id.* "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Id.* In other words, the complaint must plead enough facts to state a claim for relief that is plausible. *Id.* at 1974. Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *See id.* at 1965; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Bell Atlantic,* 550 U.S. at —, 127 S. Ct. at 1966.

The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). Moreover, a district court is required to resolve doubts concerning

2

federal jurisdiction in favor of remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997). Any case in which a United States District Court has original jurisdiction can be removed. 28 U.S.C. § 1441(a); *Gore v. Trans World Airlines,* 210 F.3d 944, 948 (8th Cir. 2000).

ERISA provides a plan beneficiary with the right to judicial review of a benefits determination. *See* 29 U.S.C. § 1132(a)(1)(B). Where a plan gives the administrator "discretionary authority to determine eligibility for benefits," we review the administrator's decision for an abuse of discretion.[1] *Woo v. Deluxe Corp.*, 144 F.3d 1157, 1160 (8th Cir. 1998) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)).

## DISCUSSION

Portz disagrees with the order in which the magistrate judge addressed the issues, first deciding the motion to dismiss and then the motion to remand. The court agrees with the magistrate judge who found that the motion to remand is so connected to the motion to dismiss that the outcome required the court to consider whether TNS is a proper party defendant. Filing No. 24 at 4. Based on the court's analysis herein, the court agrees with the magistrate judge that TNS was a nominal defendant at best at the time of removal and in any event should be dismissed from the case.

Portz contends that the magistrate judge erred in dismissing TNS and in denying the motion to remand. The facts are fairly straightforward. TNS employed Portz. Portz had severe medical issues and filed a claim for long-term disability benefits. Hartford

---

[1] Review for an "abuse of discretion" means the same review for being "arbitrary and capricious"; the terms can be used interchangeably. *Schatz v. Mutual of Omaha Ins. Co.*, 220 F.3d 944, 946 n.4 (8th Cir. 2000).

granted Portz benefits for two years, at which time they were discontinued. Portz filed this lawsuit and requests recovery of benefits, enforcement of her rights under the plan, future benefits, interest, costs and attorney fees. Portz alleges that (1) TNS was the named plan administrator of an ERISA plan; and (2) that TNS failed to turn over job description documents to Hartford Insurance in the fall of 2006 in regard to plaintiff's claim. Therefore, argues plaintiff, TNS as plan administrator is an indispensable party in this case.[2]

Defendants, however, argue that TNS is the policy holder of a policy issued by Hartford which provided for long-term disability benefits. Hartford paid disability benefits to Portz from October 2004, until December 2006. Portz's benefits were terminated at that time, by Hartford, and her appeal was likewise denied. In her complaint, Portz refers on numerous occasions to Hartford as the fiduciary who approved her claim for benefits. Filing No. 1, Ex. A, ¶¶ 13, 14, and 18. Nowhere in the complaint, argues TNS, does Portz allege that TNS had any authority to determine her benefits nor is there an allegation that TNS ever made any decisions or had any input regarding her benefits. Accordingly, TNS argues that it is not a plan administrator and not a proper party in this case.

The court agrees. There are no allegations that TNS made or was involved in any benefit decisions with regard to the plaintiff. Further, Hartford has admitted in its answer that it is the fiduciary and has the full decision making authority to determine eligibility for benefits. Filing No. 19, ¶¶ 13-14. Where the employer does not make claims decisions, it is not the correct party in an ERISA case. *Layes v. Meade Corp.*, 132 F.3d 1246, 1249 (8th Cir. 1998); *see also Sawyer v. Potash Corp.*, 417 F. Supp.2d 730, 737 (E.D.N.C. 2006)

---

[2]Plaintiff's only ground for remand is that TNS is an indispensable party to this lawsuit.

(finding employer not proper party in ERISA claim).  Thus, the court concludes that the magistrate judge correctly dismissed TNS from this lawsuit.  Further, the magistrate judge is correct in concluding that the failure to include TNS in the removal to federal court did not make the removal ineffective.  See *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002) ("nominal defendants, those 'against whom no real relief is sought,' need not join in the petition.") (citation omitted).  Further, the court agrees with the magistrate judge that Hartford had "full responsibility for the decision making process and final benefits decision."  Filing No. 24 at 8.  After reviewing the complaint, the court finds no set of facts which would entitle Portz to relief against TNS under ERISA.  Portz simply did not allege facts in the complaint which implicated TNS in the decision making process.  Accordingly, the court will adopt the recommendation of the magistrate judge, grant the motion to dismiss, and deny the motion to remand.

THEREFORE, IT IS ORDERED that:

1.  Defendant TNS's motion to dismiss, Filing No. 21, is granted.

2.  Plaintiff's motion to remand, Filing No. 9, is denied.

3.  The objections of the plaintiff, Filing No. 25, are overruled.

4.  The report and recommendation of the magistrate judge, Filing No. 24, is adopted in its entirety.

DATED this 31st day of July, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge